IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**SHERIF EL-GHARBAWY**                                                                 **PLAINTIFF**

vs.                                              No. 4:21-cv-1646

**BRUNEL ENERGY, INC., and**                                              **DEFENDANT**
**FREEPORT-McMORAN, INC.**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Sherif El-Gharbawy ("Plaintiff"), by and through his attorney Josh Sanford of Sanford Law Firm, PC, and for his Original Complaint against Defendants Brunel Energy, Inc., and Freeport-McMoRan, Inc. (collectively "Defendant" or "Defendants"), he states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiff overtime wages as required by the FLSA.

2. Upon information and belief, for at least three years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described *infra*.

### II. JURISDICTION AND VENUE

3. The United States District Court for the Southern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Defendant Brunel Energy, Inc., is headquartered in Houston.

5. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Texas.

### III.  THE PARTIES

6. Plaintiff is an individual and resident of Orange County, California.

7. Defendant Brunel Energy, Inc. ("Brunel Energy"), is a foreign, for-profit corporation.

8. Brunel Energy's registered agent for service of process is CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

9. Brunel Energy, in the course of its business, maintains a website at https://www.brunel.net/.

10. Defendant Freeport-McMoRan, Inc. ("FMI"), is a foreign, for-profit corporation.

11. FMI's registered agent for service of process is Registered Agent Solutions, Inc., at 300 West Clarendon Avenue, Suite 240, Phoenix, Arizona 85013.

12. FMI, in the course of its business, maintains a website at https://www.fcx.com/index.php/.

### IV.  FACTUAL ALLEGATIONS

13. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

14. Defendants primarily mine and produce copper, gold and molybdenum.

15. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

16. Upon information and belief, the revenue generated from Brunel Energy and FMI was merged and managed in a unified manner.

17. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

18. Defendants are "employers" within the meanings set forth in the FLSA, and were, at all times relevant to the allegations in this Complaint, Plaintiffs' employer.

19. During each of the three years preceding the filing of this Complaint, Defendants employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

20. Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

21. Within the three years preceding the filing of this Complaint, Plaintiff was employed by Defendant.

22. Specifically, Defendant employed Plaintiff as an Engineer from July of 2019 until July of 2020.

23. At all relevant times herein, Defendant directly hired Plaintiff to work on its behalf, paid him wages and benefits, controlled his work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

24. Defendant paid Plaintiff a day rate; Plaintiff was not paid a salary and he was not paid by the hour.

25. Defendant paid Plaintiff $1,175.00 each day that he worked.

26. Plaintiff was not paid for days he did not work. In other words, his pay was docked when he worked fewer hours.

27. Plaintiff was not paid a weekly minimum guaranty pursuant to 29 C.F.R. § 541.604(b).

28. Plaintiff regularly worked more than forty hours per week.

29. Plaintiff estimates he generally worked between 40 - 48 hours per week.

30. Defendant did not pay Plaintiff an overtime premium for hours worked over forty per week.

31. At all relevant times herein, Defendant has deprived Plaintiff of proper overtime compensation for all the hours worked over forty per week.

32. Plaintiff also received a rent credit from Defendant.

33. Section 778.208 of Title 29 of the CFR requires that all forms of compensation, such as rent credits, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

34. The rent credit should be included in Plaintiff's overtime rate when calculating his rate of pay.

26. Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiff violated the FLSA.

## V. CAUSE OF ACTION—VIOLATION OF THE FLSA

41. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

42. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

43. At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

44. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

45. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over forty, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

46. Despite the entitlement of Plaintiff to overtime wages under the FLSA, Defendants failed to pay Plaintiff an overtime premium for all hours worked over forty each week.

47. Defendants' failure to pay Plaintiff all wages owed was willful.

48. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VI.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Sherif El-Gharbawy respectfully prays as follows:

A.   That each Defendant be summoned to appear and answer this Complaint;

B.   That Defendant be required to account to Plaintiff and the Court for all the hours worked by him and all monies paid to him;

C.   A declaratory judgment that Defendant's practices alleged herein violate the FLSA and the attendant regulations;

D.   Judgment for damages for all unpaid overtime compensation under the FLSA and the attendant regulations;

E.   Judgment for liquidated damages pursuant to the FLSA and the attendant regulations, in an amount equal to all unpaid overtime compensation;

F.   For a reasonable attorney's fee, costs and pre-judgment interest; and

G.   Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF SHERIF EL-GHARBAWY**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com