IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHERIF EL-GHARBAWY, § | |
| § | |
| PLAINTIFF, § | |
| § | |
| vs. § | No. 4:21-cv-01646 |
| § | |
| BRUNEL ENERGY, INC., and § | |
| FREEPORT-MCMORAN INC., § | |
| § | |
| DEFENDANTS. § | |

## ORIGINAL ANSWER
## OF DEFENDANT FREEPORT-MCMORAN INC.

Defendant Freeport-McMoRan Inc. ("FMI") files its Original Answer ("Answer") to Plaintiff's Original Complaint ("Complaint"), as follows:

## I.
## INTRODUCTION

Plaintiff improperly and perhaps mistakenly sued FMI, which entity is separate and unrelated to any of Plaintiff's claims. Defendant Brunel Energy, Inc. ("Brunel") supplied certain personnel to Freeport Minerals Corporation ("FMC") pursuant to a *Global Master Staffing and Services Agreement* ("Agreement"). FMC is a separate legal entity distinct from FMI in all respects relevant to this action.

Sherif El-Gharbawy ("Plaintiff") was employed by Brunel. Pursuant to the Agreement, Brunel assigned Plaintiff to perform contract services for FMC. Plaintiff was never an employee of FMI. He was never on FMI's payroll or assigned by Brunel to perform contract services for FMI. Plaintiff never performed services for FMI and was never under the direction or control of FMI. FMI therefore denies each and every allegation in Plaintiff's pleadings to the extent the allegations are directed against or are

intended to be directed against FMI. The answers to the allegations in Plaintiff's pleadings below are limited solely to and on behalf of FMI and no others.

## II.
## FMI ADMISSIONS AND DENIALS

FMI admits or denies the allegations in Plaintiff's pleadings in sequence to the numbered paragraphs as found in Plaintiff's Original Complaint:

1. Admitted that Plaintiff brings the stated action under the FLSA, denied that it is brought as a result of a failure by FMI to pay Plaintiff overtime.

2. Denied.

3. Admitted.

4. Neither admitted nor denied (allegation relates to Brunel).

5. Denied.

6. Neither admitted nor denied (allegation relates to Plaintiff's residence).

7. Neither admitted nor denied (allegation relates to Brunel's corporate status).

8. Neither admitted nor denied (allegation relates to Brunel's registered agent).

9. Neither admitted nor denied (allegation relates to Brunel's website).

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted as to intended repetition of allegations, otherwise denied.

14. Admitted as to FMI, denied as to Brunel.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied in relation to FMI because Plaintiff was not its employee.

20. Denied in relation to FMI because Plaintiff was not its employee.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied in relation to FMI because Plaintiff was not its employee.

27. Denied in relation to FMI because Plaintiff was not its employee.

28. Denied in relation to FMI because Plaintiff was not its employee.

29. Admit estimates are alleged by Plaintiff, denied in relation to FMI because Plaintiff was not its employee.

30. Denied.

31. Denied.

32. Denied.

33. Admitted only as to the content as actually written in its entirety in the cited authority, otherwise denied.

34. Denied in relation to FMI because Plaintiff was not its employee.

35. Denied: there is no paragraph numbered 35 in the Complaint.

36. Denied: there is no paragraph numbered 36 in the Complaint.

37. Denied: there is no paragraph numbered 37 in the Complaint.

38. Denied: there is no paragraph numbered 38 in the Complaint.

39. Denied: there is no paragraph numbered 39 in the Complaint.

40. Denied: there is no paragraph numbered 40 in the Complaint.

[26.] [SIC] Denied as to the second paragraph numbered 26 at the top of p. 5 of the Complaint.

41. Admitted as to intended repetition of allegations, otherwise denied.

42. Admitted as to intended reliance on cited statute, otherwise denied.

43. Denied.

44. Denied in relation to FMI because Plaintiff was not its employee.

45. Admitted only as to the content as actually written in its entirety in the cited authorities, otherwise denied.

46. Denied.

47. Denied.

48. Denied.

Denied as to Section VI "PRAYER FOR RELIEF" and each of its subparagraphs "A" through "G" on p. 6 of the Complaint.

## II.
## 1st AFFIRMATIVE DEFENSE:
## FMI IS NOT LIABLE IN THE CAPACITY SUED

FMI is not liable in the capacity in which it has been sued because FMI was not Plaintiff's employer and Plaintiff performed no services for FMI. Plaintiff's pleading asserts causes of action which can only be maintained against an employer. Therefore, FMI is not a proper party to this action. FMI should be dismissed from this action.

## III.
## BINDING ARBITRATION

Plaintiff is subject to an arbitration agreement which applies to Brunel, its employees and any customer or party alleged to be a co-employer with Brunel. Accordingly, this action should be stayed and the entire matter should be ordered to arbitration pursuant to the arbitration agreement.

## IV.
## PRAYER FOR RELIEF

FMI respectfully prays (a) for an order staying all proceedings herein and compelling the parties to final and binding arbitration pursuant to the arbitration agreement, (b) that Plaintiff take nothing by his suit, and for such other and further relief, general and special, legal and equitable, to which FMI may be justly entitled, including but not limited to recovery of its reasonable attorneys' fees and costs.

FMI reserves the right to amend this Answer.

Respectfully submitted,

/s/ *Scott A. Agthe*
Scott A. Agthe
State Bar No. 00934800
FISHERBROYLES, LLP
3801 N. Capital of Texas Highway
Ste. E240, #431
Austin, Texas 78746
(512) 905-2593 Telephone
(512) 717-7747 Facsimile
scott.agthe@fisherbroyles.com
**Attorneys for Defendant Freeport-McMoRan Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2021 this *Original Answer* was served via email and by electronic submission to the following counsel:

Josh Sanford  
Sanford Law Firm, PLLC  
10800 Financial Centre Parkway  
Suite 510  
Little Rock, AK 72211  
josh@sanfordlawfirm.com

Jay Aldis  
Gray Reed  
1300 Post Oak Blvd, Ste. 2000  
Houston, TX 77056  
jaldis@grayreed.com

By: ___/s/ *Scott A. Agthe*___  
      **SCOTT A. AGTHE**